CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

NOV 04 2011

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| ANN MARIE MILLER, | ) |
| | ) Civil Action No. 7:10-cv-00546 |
| Plaintiff, | ) |
| | ) |
| v. | ) MEMORANDUM OPINION AND |
| | ) ORDER |
| | ) |
| JENNIFER ANN KELLEY, | ) |
| | ) By: Samuel G. Wilson |
| Defendant. | ) United States District Judge |

This matter is before the court on plaintiff Ann Marie Miller's motion to postpone or, in the alternative, to strike defendant Jennifer Ann Kelley's motion for attorney's fees and sanctions. Both parties are currently proceeding *pro se*; however, Miller is a former member of the Virginia State Bar who has surrendered her license. Miller filed for bankruptcy in Colorado on July 18th, 2011[1] and argues that Kelley's motion for attorney's fees and sanctions is thereby barred by an automatic stay imposed on this proceeding pursuant to 11 U.S.C. § 362 (2006). The bankruptcy court dismissed Miller's case by order dated September 30, 2011, but it is currently set for a November 23, 2011 hearing on Miller's motion to reconsider the dismissal. In addition, Miller has since refiled for bankruptcy[2] and seeks to use that filing as grounds for the automatic stay. Kelley argues that her motion fits within a statutory exception to the stay. The court agrees with Miller that it is constrained by § 362 and will therefore postpone its decision on Kelley's motion until such time as the stay is lifted.

---

[1] Miller's original bankruptcy filing is docketed in Colorado as No. 11-26914 ABC (Bankr. D. Colo., Sept. 30, 2011).

[2] Miller's most recent bankruptcy filing is docketed in Colorado as No. 11-35182 ABC (Bankr. D. Colo., Oct. 26, 2011).

I.

Miller originally filed this case as a diversity action, asserting a libel claim under state law arising out of Kelley's decision to publicly post a statement on her personal internet blog allegedly attacking Miller's character. Miller initially filed the complaint in the United States District Court for the District of Colorado, but that court transferred the case to this district pursuant to 28 U.S.C. § 1631 after finding that the District of Colorado lacked personal jurisdiction over Kelley. After consultation with the parties, this court entered a discovery order and set a trial date of August 1, 2011.

On July 18, 2011, two weeks before the scheduled trial date, Miller moved for a continuance of the trial date and for permission to appear by telephone, complaining that she could not afford to travel to this district to pursue her case. The court denied Miller's motion and ordered her to provide the court with timely notification regarding whether she planned to be present for trial on August 1, 2011. Miller subsequently informed the clerk's office that she did not intend to attend the trial and sought a voluntary dismissal of the matter. The court instead dismissed Miller's claim for failure to prosecute.

After the dismissal, Kelley sought $3331.48 in attorney's fees, additional sanctions, and an order enjoining plaintiff Ann Marie Miller from filing future suits against Kelley and her husband without prior judicial leave. In support of her motion, Kelley stated that Miller has filed a total of eight *pro se* lawsuits with the intent to harass her family. All but two of these cases have been dismissed, and in two of those dismissals the district court in Adams County, Colorado found that the suits were brought in bad faith with the intent to annoy and harass.[3]

---

[3] The Adams County court also noted that Miller had sent Kelley and her husband a Facebook message on May 4, 2010 which stated that "I hope for nothing more than for you two to learn the meaning of grief by losing everything you both have." (Def.s Mot., ECF 38-1 Ex. C, at 5.) In addition, the court noted that Miller had submitted a forged letter to the court for use as an exhibit. (Id. at 8.)

2

(Def.'s Mot. Atty. Fees, ECF No. 38-1.) Kelley also claimed that Miller intends to file future lawsuits in order to increase Kelley's attorney's fees.

In her reply to Kelley's motion, Miller denied each of Kelley's allegations. She also stated, however, that Kelley and her husband, by continuing in their course of conduct, are "earning themselves new civil suits." Importantly, Miller stated: "I am misquoted, emails are attached that are purportedly from me but that I did not write, and other false and forged exhibits are attached." The court then advised Miller that if she wished the court to consider these accusations in its decision on Kelley's motion, she should file them under penalty of perjury. Miller did not do so but instead filed a motion for reconsideration[4] and this motion to postpone/strike.[5]

## II.

Miller maintains that the Bankruptcy Code acts to stay this proceeding and prevents the court from ordering her to pay attorney's fees or otherwise sanctioning her. Kelley, on the other

---

[4] The court has denied Miller's motion for reconsideration by a separate order.

[5] Along with the instant motion, Miller filed a declaration that she has been unable to find someone that is able to "swear [her] in under penalty of perjury." The court directs Miller to the text of 28 U.S.C. § 1746 (2006). That statute states:

> Wherever, under any law of the United States or under any rule, regulation, order, or requirement made pursuant to law, any matter is required or permitted to be supported, evidenced, established, or proved by the sworn declaration, verification, certificate, statement, oath, or affidavit, in writing of the person making the same (other than a deposition, or an oath of office, or an oath required to be taken before a specified official other than a notary public), such matter may, with like force and effect, be supported, evidenced, established, or proved by the unsworn declaration, certificate, verification, or statement, in writing of such person which is subscribed by him, as true under penalty of perjury, and dated, in substantially the following form:
>
> . . . .
>
> (2) If executed within the United States . . . : "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date).
>
> (Signature)".

3

hand, argues that her motion fits within a narrow exception to the Code's automatic stay provisions. The court's view is that the Bankruptcy Code forestalls a ruling on Kelley's motion.

Section 362 of Title 11 of the United States Code explains that:

> **(a)** Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title, or an application filed under section 5(a)(3) of the Securities Investor Protection Act of 1970, operates as a stay, applicable to all entities, of--
>
> **(1)** the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title . . . .

11 U.S.C. § 362 (2006). The drafters gave teeth to the automatic stay by including a provision for actual and punitive damages for any willful violation of its mandate. See 11 U.S.C. § 362(k)(1). They stay only adheres, however, until such time as the case is dismissed. See § 362(c)(2). The Code goes on to explain, in § 362(c)(3)—which is anything but a model of clarity—that in cases such as this one, when a bankruptcy proceeding has been dismissed in the preceding year but subsequently refiled, the stay will continue in the second case for a period of thirty days after its filing. A party may then move the bankruptcy court for a continuation of the automatic stay beyond thirty days. Though the stay is automatic and acts to suspend most proceedings, § 362(b) lists various exceptions to the stay, including an exception for

> the commencement or continuation of an action or proceeding by a governmental unit . . . to enforce such governmental unit's . . . police and regulatory power, including the enforcement of a judgment other than a money judgment, obtained in an action or proceeding by the governmental unit to enforce such governmental unit's . . . police or regulatory power.

§ 362(b)(4). The issue here is whether this "police and regulatory power exception" applies to Kelley's motion for attorney's fees and sanctions.

4

Courts in other jurisdictions have found that the exception might apply in the context of court-imposed sanctions. See, e.g., In re Berg, 230 F.3d 1165 (9th Cir. 2000); Alpern v. Lieb, 11 F.3d 689 (7th Cir. 1993). The Ninth Circuit, for instance, has held that an award of attorney's fees imposed as a sanction for a debtor-attorney's prosecution of a frivolous appeal fit within the police and regulatory power exception. Berg, 230 F.3d at 1168. The Berg court construed the sanction award as "a proceeding by a governmental unit" and reasoned that the purpose of the sanction was to effectuate public policy, and not to protect private rights. In the reading of other courts, however, "by its plain terms, the police and regulatory power exception to the automatic stay applies only where (1) the action is *brought by the government*, and (2) the action seeks to vindicate the public interest, as opposed to a *specific individual's or entity's rights*." U.S. Int'l Trade Comm'n v. Jaffe, 433 B.R. 538 (Bankr. E.D. Va. 2010) (emphasis added). Id. The more difficult of these two questions is the second. The Fourth Circuit's answer is this: if the state is enforcing a law whose purpose "is to promote public safety and welfare, or to effectuate public policy, then the exception applies." Safety-Kleen, Inc. (Pinewood) v. Wyche, 274 F.3d 846, 865 (4th Cir. 2001) (citations omitted) (internal quotation marks omitted). If, on the other hand, "the purpose of the law relates to the protection of the government's pecuniary interest in the debtor's property, or to adjudicate private rights, then the exception is inapplicable." Id. (citations omitted) (internal quotation marks omitted).

In this case, despite Miller's first bankruptcy petition having been dismissed, § 362(c)(3) mandates a stay for thirty days after the filing of her second bankruptcy petition. It is in this context that the court examines Kelley's motion for attorney's fees and sanctions.

Under these circumstances, and with the Fourth Circuit's guidance in mind, this court is unable to construe Kelley's motion as an action brought by the government to vindicate the

5

public interest, as opposed to an action brought by an individual to vindicate individual rights. Even if the court were to construe the motion as "a proceeding by a governmental unit," any benefit accrued after a court-ordered sanction would be in favor of Kelley and her husband and would affect the public interest only tangentially. As such, the court is bound by the terms of the automatic stay in 11 U.S.C. § 362 and will delay its decision on Kelley's motion for attorney's fees until such time as the stay is lifted. If the court were to decide otherwise and its determination later proved erroneous, Kelley would run the risk that the award of attorney's fees would be declared void *ab initio*. See J4 Promotions, Inc. v. Splash Dogs, LLC, No. 2:09-cv-136, 2010 WL 2162901, at *8 (S.D. Ohio May 25, 2010).

Accordingly, it is hereby **ORDERED** and **ADJUDGED** that Miller's motion to postpone is **GRANTED**. Further, Miller's motion to strike is hereby **DENIED**. Likewise, Kelley's motion to strike is hereby **DENIED**.

**ENTER**: this 4th day of November, 2011.

_____
UNITED STATES DISTRICT JUDGE