IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| ANN MARIE MILLER, | ) | Civil Action No. 7:10-cv-00546 |
| --- | --- | --- |
| Plaintiff, | ) | |
| v. | ) | MEMORANDUM OPINION |
| JENNIFER ANN KELLEY, | ) | |
| Defendant. | ) | By: Samuel G. Wilson<br>United States District Judge |

Plaintiff, Ann Marie Miller, originally filed this action in the U.S. District Court for the District of Colorado, asserting a state-law libel claim against defendant, Jennifer Ann Kelley, pursuant to the court's 28 U.S.C. § 1332 diversity jurisdiction.[1] That court transferred the case to the Western District of Virginia, and this court has since dismissed the action for Miller's failure to prosecute. The matter is currently before the court on defendant Jennifer Ann Kelley's motion for attorney's fees pursuant to 28 U.S.C. § 1927 and sanctions pursuant to Federal Rule of Civil Procedure 11. Kelley argues that Miller's history of suing Kelley, and Miller's assurances that she will continue to do so, warrant the imposition of attorney's fees and sanctions. The court finds that under the circumstances neither § 1927 nor Rule 11 permit the relief Kelley seeks. Nevertheless, Miller's conduct has all the indicia of bad faith, and the court will enjoin Miller from filing any future *pro se* actions in this district against Kelley or her family.

---

[1] Kelley resides in Vinton, Virginia, and Miller resides in Thornton, Colorado. Both parties are currently proceeding *pro se*; however, Miller is a former member of the Virginia State Bar who has surrendered her license, and Kelley retained counsel during the proceedings in Colorado.

I.

After Miller filed this action, the U.S. District Court in Colorado found that it lacked personal jurisdiction over Kelley (a resident of Vinton, Virginia) and transferred the case to this district. This court consulted the parties, entered a discovery order, and set trial to occur seven months later. On July 18, 2011, two weeks before the scheduled trial date, Miller moved for a continuance of the trial date and for permission to appear by telephone, complaining that she could not afford to travel to this district to pursue her case. The court denied Miller's motion and ordered her to provide the court with timely notification regarding whether she planned to be present for trial on August 1, 2011. Miller informed the court that she did not intend to appear at the trial and sought a voluntary dismissal. The court instead dismissed Miller's claim for failure to prosecute.

After the dismissal, Kelley sought $3331.48 in attorney's fees pursuant to § 1927, additional sanctions pursuant to Rule 11, and an order enjoining Miller from filing future suits against Kelley and her husband without prior judicial leave. In support of her motion, Kelley highlighted Miller's history with her and her husband. That history reveals that, in addition to the case transferred here, Miller has filed suit in Adams County, Colorado District Court (alleging that Kelley caused Miller to lose her law license and terminate her pregnancy);[2] again in Adams County, Colorado District Court (alleging that Kelley's husband caused Miller to lose her law license and terminate her pregnancy); in Denver County, Colorado District Court (seeking the dissolution of an alleged common-law marriage to Kelley's husband); in U.S. District Court for the District of Columbia (alleging that Kelley's husband caused Miller

---

[2] The Adams County court noted that Miller had sent Kelley and her husband a Facebook message on May 4, 2010 which stated that "I hope for nothing more than for you two to learn the meaning of grief by losing everything you both have." (Mot. Att'y Fees Ex. C, at 5, E.C.F. No. 38.) In addition, the court noted that Miller has twice physically assaulted Kelley, that Kelley and her husband have obtained a protective order against Miller, and that Miller submitted a forged letter to the court as an exhibit. (Id. at 8.)

intentional emotional distress);[3] and in U.S. District Court for the District of Wyoming (alleging that Kelley's mother- and father-in-law caused Miller intentional emotional distress).[4] (Mot. Att'y Fees Exs. C–H, E.C.F. No. 38.) The respective courts have dismissed all but one of these cases, and a magistrate judge has recommended dismissal in the only case still pending. In addition, Miller has twice filed bankruptcy in Colorado,[5] and Miller attempted to make claims against Kelley in those proceedings for violations of the Bankruptcy Code's automatic stay provisions. Throughout, Miller has leveled insults and threats of future litigation at Kelley and her family. Miller stated in her District of Columbia case that "[t]here is nothing in this world that will ever discourage [her] from [pursuing Kelley's husband]," (Reply Mot. Dismiss 6, E.C.F. No. 23), and she has informed this court that Kelley and her husband, by continuing in their course of conduct, are "earning themselves new civil suits," (Reply. Mot. Att'y Fees 2, E.C.F. No. 40). The court has twice ordered Miller to respond to Kelley's motion, but she has offered little more than reiterated allegations and continued invective.

## II.

Kelley seeks attorney's fees, additional sanctions, and an order enjoining Miller from filing future suits against Kelley and her husband without prior judicial leave. Under the

---

[3] In that case, Miller filed a reply to a motion to dismiss in which she called Kelley a "fat, stupid woman with bad teeth and ugly hair"; Kelley's son an "obnoxious, illiterate braggart"; and her daughter a "preteen with a beer gut." Miller v. Kessler, 1:11cv753 (D.D.C. 2011) (Reply Mot. Dismiss 4, E.C.F. No. 23).

[4] Miller claimed in that case that if his parents "had raised [Kelley's husband] right," then he would not have ended his relationship with Miller. Miller v. Kessler, 2:11cv297 (D. Wyo. 2011) (Compl. 3, E.C.F No. 1).

[5] Miller's latest bankruptcy filing was docketed in Colorado as No. 11-35182 ABC (Bankr. D. Colo., Oct. 26, 2011). The bankruptcy court recently dismissed the case. Miller's original bankruptcy filing is docketed in Colorado as No. 11-26914 ABC (Bankr. D. Colo., July 18, 2011). The bankruptcy court has dismissed the case, but it is currently scheduled for a March 7, 2012 hearing on Miller's motion to reconsider the dismissal. Because of the automatic stay that attached pursuant to 11 U.S.C. § 362 during the pendency of those bankruptcy proceedings, this court issued a November 4, 2011 memorandum opinion and order delaying its ruling on this motion until the lifting of the automatic stay. That stay is not currently in place.

3

circumstances present here, the court may not impose sanctions under § 1927 or Rule 11.[6] The court finds, however, that the court should enjoin Miller from filing future *pro se* actions in this district against Kelley or her family.

The All Writs Act, 28 U.S.C. § 1651(a) (2006), authorizes district courts to restrict the access to federal courts of parties who repeatedly file frivolous litigation. Cromer v. Kraft Foods N. Am., Inc., 390 F.3d 812, 817 (4th Cir. 2004) ("Undoubtedly, the All Writs Act . . . grants federal courts the authority to limit access to the courts by vexatious and repetitive litigants . . . ."). Pre-filing injunctions should be imposed "sparingly" but are warranted under "exigent circumstances, such as a litigant's continuous abuse of the judicial process by filing meritless and repetitive actions." Id. at 817–18 (quoting Brow v. Farrelly, 994 F.2d 1027, 1038 (3d Cir. 1993). The Fourth Circuit directs district courts to evaluate the following factors in determining whether a pre-filing injunction is warranted: (1) the party's history of litigation, in

---

[6] Kelley seeks attorney's fees under 28 U.S.C. § 1927. That code provision states in part:
Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

A literal construction of § 1927 limits its application to attorneys and not to *pro se* litigants like Miller. While neither the Supreme Court nor the Fourth Circuit have specifically addressed this question, the prevailing opinion among the district courts in this circuit is that § 1927 does not apply to *pro se* litigants. See, e.g., Sharp v. Town of Kitty Hawk N.C., No. 2:11-CV-13-BR, 2011 WL 5520432, at *1 (E.D.N.C. Nov. 14, 2011); Partain v. Reese, No. 3:09–2415–MBS, 2010 WL 3257970, at *2 n.4 (D.S.C. July 13, 2010) (report and recommendation), adopted, 2010 WL 3257991 (D.S.C. Aug. 16, 2010); Abbott v. Suntrust Mortg., Inc ., No. 3:08cv665, 2009 WL 971267, at *7–8 (E.D. Va. Apr. 8, 2009); Balcar v. Bell & Assocs., LLC, 295 F. Supp. 2d 635, 639 (N.D. W.Va. 2003), aff'd, 83 Fed. App'x. 519 (4th Cir. 2003); see also Meadowbriar Home for Children, Inc. v. Gunn, 81 F.3d 521, 535 (5th Cir.1996); Sassower v. Field, 973 F. 2d 75, 80 (2d Cir. 1992). This court agrees with the other courts in this district and finds that § 1927 is inapplicable here.

As to Kelley's Rule 11 motion, the "'safe harbor' provisions of [Rule 11] preclude the serving and filing of any Rule 11 motion after conclusion of the case." Hunter v. Earthgrains Co. Bakery, 281 F.3d 144, 152 (4th Cir. 2002); see also id. n.12 ("In a decision rendered prior to the 'safe harbor' amendment in 1993, we observed that no absolute time limit governed Rule 11 motions, and considerations of timeliness 'are equitable, and must be resolved on a case by case analysis.'") (quoting In re Kunstler, 914 F.2d 505, 513 (4th Cir. 1990)). The instant motion was filed on August 5, 2011, after the court dismissed the case with prejudice and struck it from the active docket. Thus, the court may not impose sanctions under Rule 11.

4

particular whether she has filed vexatious, harassing, or duplicative lawsuits; (2) whether the party files her cases on a good faith basis or only to harass; (3) the extent of the burden on the courts and other parties resulting from the party's filings; and (4) the adequacy of alternative sanctions. Id. at 818. If a pre-filing injunction is warranted, it should be narrowly tailored to fit the circumstances at issue. Id.

Miller's conduct positively merits a narrowly drawn pre-filing injunction. First, Miller has a history of filing vexatious, harassing, and duplicative lawsuits. She has used her knowledge of the legal system to bring numerous lawsuits against Kelley and her family in a multitude of forums across the country. Not one of those lawsuits has succeeded on the merits.

Second, there is no indication that Miller's purpose in filing these lawsuits is anything other than to harass Kelley and her family. Rather than using her filings to make legal arguments, she uses them to heap scorn and ridicule on Kelley and her family. See, e.g., Miller v. Kessler, 1:11cv753 (D.D.C. 2011) (stating in a reply to a motion to dismiss that Kelley was a "fat, stupid woman with bad teeth and ugly hair"; that Kelley's son was an "obnoxious, illiterate braggart"; and that Kelley's daughter was a "preteen with a beer gut."). And, given multiple opportunities in multiple forums, Miller has repeatedly failed to successfully prosecute even one of her claims. Throughout, her language has been spiteful, indecent, and threatening.

Third, there is no question that Miller's filings have burdened the courts and other parties. The courts in which Miller has appeared have expended untold resources addressing her filings. Likewise, Kelley and her family have been forced to defend themselves against meritless claims in courts across the country.

Fourth, alternative sanctions are inadequate in this case. The court has explained elsewhere in this opinion that Rule 11 and § 1927 are inapplicable here. While the court could

5

use its inherent power to monetarily sanction Miller, see Chambers v. NASCO, Inc., 501 U.S. 32, 45–46 (1991), her recent bankruptcy filings cast doubt on her ability to pay such a sanction. In addition, Miller has informed this court that Kelley and her husband, by continuing in their course of conduct, are "earning themselves new civil suits." (Reply. Mot. Att'y Fees 2, E.C.F. No. 40.) And Miller stated in her District of Columbia case that "[t]here is nothing in this world that will ever discourage [her] from [pursuing Kelley's husband]." (Reply Mot. Dismiss 6, E.C.F. No. 23.) The court therefore finds it unlikely that any sanction short of a pre-filing injunction will deter Miller.

Lastly, an injunction prohibiting Miller from filing future *pro se* actions against Kelley and her family in this district is narrowly tailored to fit the specific circumstances at issue. By filing multiple *pro se* actions, Miller has used the legal system to harass Kelley and her family without incurring the expense of an attorney. As a result, no licensed attorney vets Miller's complaints before she files them. By requiring Miller to file through counsel before suing Kelley or her family, the court seeks to ensure a sober second thought before filing, restrict Miller's access to the courts to the least extent necessary, protect Kelley and her family from vexatious litigation in her home district, and tailor the injunction to the particular circumstances of this case.

### III.

For the reasons stated, the court will enter an injunction prohibiting Miller from filing future *pro se* actions against Kelley or her family in this district.

**ENTER:** this 6th day of March, 2012.

_____
UNITED STATES DISTRICT JUDGE